**2611-CC01420**

Electronically Filed - St Charles Circuit Div - October 12, 2026 - 11:25 AM

**IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI**
**AT INDEPENDENCE**

**HERITAGE GARDEN CONDOMINIUM ASSOCIATION**

**Plaintiff,**

**v.**

**AMERICAN FAMILY INSURANCE COMPANY**

*Service Instructions:*
*Department of Insurance*
*Direction of Insurance*
*301 West High Street, Room 530*
*Jefferson City, MO 65101*

**Defendant.**

**Case No. _______________**

**JURY TRIAL REQUESTED**

## PETITION FOR DAMAGES

COMES NOW Plaintiff, Heritage Garden Condominium Association, by and through undersigned Counsel, files this Petition against the Defendant, American Family Insurance Company and states the following.

## PARTIES

1. Plaintiff, Heritage Garden Condominium Association (hereinafter "Plaintiff"), is a condominium association located in St. Louis, Missouri.

2. Defendant, American Family Insurance Company (hereinafter "Defendant"), is a Corporate Insurance Company, with its principal place of business in Wisconsin and is a non-resident doing business within the State of Missouri, and may be served through the Director of Insurance pursuant to R.S.Mo §§ 375.906 and/or 375.256 R.S.Mo.

EXHIBIT
tabbies
C

Electronically Filed - St Charles Circuit Div - October 12, 2026 - 11:25 AM

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to §478.070 R.S.Mo and Mo. Const. Art. V, §14, as circuit courts shall have original jurisdiction over all cases and matters.

4. This Court has personal jurisdiction over Defendant pursuant to §375.906 R.S.Mo as Defendant is licensed to and transacts substantial business in Missouri, falling under the Missouri Long-Arm Statute. Defendant has purposefully established minimum contacts with Missouri by selling Insurance, employing agents, and soliciting residents. Plaintiff's claims arise directly from Defendant Missouri-based business activities.

5. Venue is proper in this Court pursuant to R.S.Mo §508.010.2(4), as Defendant is a non-resident and Plaintiff's suit may be brought in any county in this State.

6. The damages sought herein are greater than Twenty-five Thousand Dollars ($25,000.00), exclusive of interest, costs, statutory penalties, and attorney's fees.

**STATEMENT OF FACTS**

7. Prior to May 13, 2023, Defendant issued Plaintiff a commercial businessowners policy of insurance, policy number 910015716765 (hereinafter "the Policy").

8. A copy of the Policy is attached hereto as Exhibit 1.

9. Plaintiff is the named insured under the Policy.

10. The Policy covered the property located at 1465 Heritage Landing, St Charles, Missouri (hereinafter "Subject Property").

11. The Policy insures against all risks of physical loss to the dwelling unless specifically excluded.

Electronically Filed - St Charles Circuit Div - October 12, 2026 - 11:25 AM

12. Under the terms of the Policy, Defendant agreed to insure Plaintiff against losses specified in the Policy, including but not limited to, direct physical loss to the Subject Property caused by a severe weather event.

13. Pursuant to the Policy, Plaintiff paid insurance premiums to effect insurance coverage of the Subject Property for all damages covered under the Policy.

14. Plaintiff paid all premiums due under the Policy and otherwise performed all obligations required under the Policy.

15. On or about May 13, 2023, the Subject Property suffered damage from a severe weather event (hereinafter "the Loss").

16. The Policy was in full force and effect at the time of the loss events described herein.

17. The Loss is a covered peril under the terms and conditions of the Policy.

18. Plaintiff promptly notified Defendant of the loss.

19. Plaintiff submitted a claim for damages to Defendant and was assigned Claim Number 01-008-801394.

20. Plaintiff has substantially complied with all conditions precedent to recovery under the Policy.

21. The Policy extends coverage on a replacement cost basis.

22. The Policy requires Defendant to pay Plaintiff the estimated cost to repair or replace the damaged property with similar construction and for the same use on the Subject Property.

23. On or about May 27, 2025, Defendant prepared an estimate of damages with a replacement cost value of $800,998.58 and an actual cash value of $626,400.02.

Electronically Filed - St Charles Circuit Div - October 12, 2026 - 11:25 AM

24. Despite confirming that the property had sustained substantial wind and hail damage, Defendant denied the claim, asserting that it could not determine whether the damage occurred during the policy period.

25. Defendant investigated the Loss and determined that the Subject Property sustained damage due to wind and hail, a covered loss, but failed to properly identify all hail damage, necessary repairs, or the proper repair costs, and failed to extend coverage.

26. Plaintiff consulted Combined Loss Consulting to prepare an estimate to repair the losses that were caused by the Loss.

27. Combined Loss Consulting's estimate was accompanied by photographs demonstrating that the Subject Property suffered direct physical loss and identified the estimated costs to restore the Subject Property to its pre-loss condition at $5,289,584.50.

28. A demand for payment was submitted to Defendant via email on January 7, 2026, by and through the undersigned with a copy of the Combined Loss Consulting estimate and supporting photographs for consideration of payment under the terms of the Policy.

29. On April 26, 2026, Defendant rejected Plaintiff's demand.

30. As a result of Defendant's improper investigation and determination, no payment was made to the Plaintiff from Defendant resultant from the Loss.

31. Despite Plaintiff's request that Defendant fully indemnify them for the Loss that occurred at the Subject Property, Defendant has refused to acknowledge a covered loss and pay the amounts due under the Policy.

32. Defendant's estimate of damages failed to provide sufficient funds to Plaintiff to restore and repair the loss that occurred on or about May 13, 2023.

Electronically Filed - St Charles Circuit Div - October 12, 2026 - 11:25 AM

33. The parties continue to dispute the timing and amount of storm damage to the subject property

34. As a result of Defendant's failure to pay and continued refusal to pay Plaintiff's claim and fully indemnify Plaintiff for its losses, Plaintiff has incurred additional damages and continues to incur additional damages.

35. Plaintiff brings the current action seeking to recover from Defendant the full costs of repairs totaling $5,289,584.50, less the applicable total deductibles of $ 913,643.42, necessary to repair damage caused by the storm as provided under the Policy.

**COUNT I – BREACH OF CONTRACT**

36. Plaintiff repeats and realleges the allegations and facts set forth in paragraphs 1 through 35 as if fully set forth herein.

37. Plaintiff and Defendant entered into a valid and enforceable contract of insurance.

38. Defendant issued the Policy in favor of Plaintiff, and in exchange for Plaintiff's payment of premiums, agreed to compensate Plaintiff for losses covered under the Policy.

39. The Policy obligated Defendant to provide insurance coverage to Plaintiff for losses covered under the Policy, including the losses that occurred on or about May 13, 2023.

40. Plaintiff performed all of their obligations under the Policy, including payment of all premiums when due.

41. Plaintiff has substantially complied with all requirements to trigger Defendant's obligation to make payment under the terms of the contract.

42. Plaintiff submitted a timely claim to Defendant for the Loss.

43. The damage that occurred at the Subject Property included both wind and hail damage, which are covered perils pursuant to the Policy.

Electronically Filed - St Charles Circuit Div - October 12, 2026 - 11:25 AM

44. Despite a proper tender of claim for damage to the Subject Property, Defendant has refused to acknowledge a covered loss and to fully compensate Plaintiff for the Loss.

45. While Defendant has confirmed substantial wind and hail damage to the property, Defendant breached the Policy by failing to acknowledge a covered loss and provide payment for Plaintiff's Loss as required under the terms of the Policy.

46. Defendant has failed to properly adjust the Loss and pay insurance proceeds owed to Plaintiff as a result of the damage caused by the storm.

47. As a direct and proximate result of defendant's breach, Plaintiff has suffered damages in the amount in excess of $25,000.00, to be proven with greater certainty at trial.

48. This constitutes a breach of Defendant's obligations under the Policy.

49. Defendant breached the Policy by failing to indemnify Plaintiff for all losses that occurred resulting from the covered loss and failing to return Plaintiff's property to its pre-loss condition.

50. Defendant's breach of the Policy was material.

51. As a direct and proximate result of Defendant's breach of the insurance contract, Plaintiff has suffered damages in the amount in excess of $25,000.00, exclusive of attorney's fees, interest, and costs, the exact amount to be determined at trial.

## COUNT II VEXATIOUS REFUSAL TO PAY IN VIOLATION OF R.S.MO §§ 375.296, 375.420

52. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 51 as if fully set forth herein.

53. Defendant issued an insurance policy to Plaintiff. That was in effect at the time of the Loss.

Electronically Filed - St Charles Circuit Div - October 12, 2026 - 11:25 AM

54. At all times relevant hereto, Plaintiff and Defendant were parties to a valid and enforceable contract – The Policy.

55. Plaintiff sustained damage to the property as a result of wind and hail.

56. Plaintiff sustained damage to the property as a result of a covered loss.

57. The Policy provided coverage for the type of loss the Subject Property suffered on May 13, 2023.

58. Plaintiff submitted a valid claim under the Policy for the Loss.

59. Plaintiff made demand for payment from Defendant more than thirty days prior to the filing of this Petition.

60. Defendant refused to pay Plaintiff's claim under the Policy.

61. Defendant has breached its contract of insurance by refusing to properly adjust or pay the full amount of Plaintiff's loss under the Policy.

62. Defendant has failed to adopt and implement reasonable standards for a prompt and adequate investigation of claims arising under its Policies.

63. Defendant refused to pay a claim without conducting a reasonable and adequate investigation with respect to this claim.

64. Defendant has denied insurance benefits to Plaintiff without a reasonable basis and in direct contravention to the plain terms of its Policy.

65. The sum of damages demanded by Plaintiff resulting from the Loss remain unpaid.

66. Plaintiff's demand and the evidence supported therewith were sufficient to put Defendant on notice of its duties and responsibilities to pay Plaintiff for the covered losses.

67. Defendant's refusal to pay Plaintiff's claim and fully indemnify it from the Loss was without reasonable cause or excuse.

Electronically Filed - St Charles Circuit Div - October 12, 2026 - 11:25 AM

68. Defendant’s refusal to pay Plaintiff’s claim for the Loss is vexatious and violates the provisions of the Policy of insurance.

69. Defendant's refusal to pay Plaintiff’s claim is willful and recalcitrant.

70. Defendant's actions demonstrating vexatious refusal and unfair settlement practices include, but are not limited to:

a. Failing to acknowledge with reasonable promptness pertinent communications with respect to Plaintiff’s claim under the Policy;

b. Failing to adopt and implement reasonable standards for the prompt investigation and settlement of Plaintiff’s claim under the Policy;

c. Failing to properly investigate the claim despite acknowledging the occurrence of a covered peril;

d. Disregarding the professional estimate from Combined Loss Consulting without reasonable justification;

e. Failing to attempt in good faith to effectuate prompt, fair, and equitable settlement of the claim when liability became reasonably clear;

f. Failing to provide an accurate explanation of the basis for not fully indemnifying Plaintiff from the loss that occurred at the Subject Property;

g. Compelling Plaintiff to institute a suit to recover amounts due under the Policy by offering substantially less than the amounts that will be recovered by way of this suit and that are justly due under the circumstances;

h. Refusing to pay Plaintiff’s claim without conducting a reasonable investigation;

Electronically Filed - St Charles Circuit Div - October 12, 2026 - 11:25 AM

i. Failing to promptly provide a reasonable and accurate explanation of the basis for failing to fully indemnify Plaintiff for the Loss in the face of an offer of a compromise settlement;

j. Failing to promptly settle Plaintiff's claims where liability had become reasonably clear under the Policy; and,

k. In other methods and manners that will be supplemented upon the completion of discovery.

71. Defendant knowingly committed the forgoing acts, with actual knowledge of the falsity, unfairness, or deception of the forgoing acts and practices.

72. Defendant's failure and refusal are vexatious within the meaning of R.S.Mo §375.296.

73. Plaintiff is additionally entitled to recover statutory penalties as provided under R.S.Mo §375.420, including, but not limited to, an additional aware beyond the Loss compensation amount and reasonable attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For compensatory damages for breach of contract in an amount to be proven at trial, but not less than $25,000.00;
2. For statutory penalties pursuant to R.S.Mo §375.420 in the amount of twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars;
3. For reasonable attorney's fees pursuant to R.S.Mo §375.420.
4. For pre-judgment and post-judgment interest as allowed by law;

Electronically Filed - St Charles Circuit Div - October 12, 2026 - 11:25 AM

5. For costs of this action; and

6. For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues of fact to the full extent of his rights under the Constitution and all applicable law.

**THE COHEN LAW GROUP – MISSOURI, LLC**

By:_/s/ Erin Dix______________
Erin Dix, Mo. Bar # 78733
200 Northeast Missouri Rd.
Lee's Summit, Missouri 64086
P: 816.897.3800; F: 816.307.0668
edix@itsaboutjustice.law

ATTORNEY FOR PLAINTIFF